**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000738
25-AUG-2025
08:01 AM
Dkt. 37 SO**

NO. CAAP-23-0000738

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LUKE ROKONAKVA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-23-00797)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Luke Rokonakva (**Rokonakva**) challenges his conviction for operating a vehicle under the influence of an intoxicant (**OVUII**), based on a lack of a Tachibana colloquy[1] and insufficient evidence to support the conviction. We vacate and remand.

Rokonakva appeals from the November 22, 2023 "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Judgment**)

---

[1]    Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995).

in favor of Plaintiff-Appellee State of Hawaiʻi (**State**) and the December 12, 2023 "Findings of Fact and Conclusions of Law and Order Granting in Part and Denying in Part [Rokonakva]'s Motion to Suppress Statements" (**Suppression Order**),[2] filed and entered by the District Court of the First Circuit (**District Court**).[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Rokonakva's contentions as follows.

The record reflects that at the November 22, 2023 hearing on Rokonakva's motions to suppress and at the trial that followed, Rokonakva was given a <u>Lewis/Monteil</u>[4] pretrial advisement at the outset, before the suppression hearing commenced. During the suppression hearing, Rokonakva was given a <u>Tachibana</u> colloquy at the end of the State's presentation and before the end of Rokonakva's presentation, which included an advisement that his testimony at the suppression hearing could not be used against him at trial. See <u>State v. Chang</u>, 144 Hawaiʻi 535, 545, 445 P.3d 116, 126 (2019) (requiring voluntary, knowing, and intelligent waiver of the right to testify at a suppression hearing). For the trial that followed the District Court's ruling on the motions to suppress, the parties agreed to incorporate the police officers' suppression hearing testimony. The District Court then denied Rokonakva's motion for judgment of acquittal, and proceeded straight to closing argument,

---

[2] Rokonakva does not challenge the Suppression Order in his points of error or present any argument regarding it. We do not address it. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4) and (7).

[3] The Honorable Timothy E. Ho presided over the trial.

[4] <u>State v. Lewis</u>, 94 Hawaiʻi 292, 12 P.3d 1233 (2000); <u>State v. Monteil</u>, 134 Hawaiʻi 361, 341 P.3d 567 (2014).

without conducting a <u>Tachibana</u> colloquy "immediately prior to the close of the defendant's case" during the trial. <u>State v. Chong Hung Han</u>, 130 Hawai'i 83, 88, 306 P.3d 128, 133 (2013) (citing <u>Tachibana</u>, 79 Hawai'i at 237, 900 P.2d at 1304).

We agree with the State's concession that the District Court erred in failing to administer a <u>Tachibana</u> colloquy at trial. <u>See</u> <u>State v. Eduwensuyi</u>, 141 Hawai'i 328, 337, 409 P.3d 732, 741 (2018) ("A prosecutor's confession, although not binding on an appellate court, is 'entitled to great weight.'" (citations omitted)). Because we cannot conclude that Rokonakva would not have testified at trial, this error was not harmless beyond a reasonable doubt. <u>See</u> <u>id.</u> at 336-37, 409 P.3d at 740-41.

In light of our remand for a new trial, we consider Rokonakva's evidentiary sufficiency challenge. <u>See</u> <u>State v. Davis</u>, 133 Hawai'i 102, 114, 324 P.3d 912, 924 (2014) (requiring review of an evidentiary sufficiency challenge before remanding for a new trial based on trial error). "Evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction[.]" <u>State v. Kalaola</u>, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010) (brackets and citation omitted). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." <u>Id.</u> (citation omitted).

Here, the record reflects that Rokonakva appeared "off balance[,]" "staggered[,]" and was "swaying . . . in circles" and "stumbling" during the standardized field sobriety test (**SFST**), which he was unable to complete. Rokonakva's vehicle was involved in a collision; he admitted to driving the vehicle

3

in the accident; and his vehicle had signs of damage.  Rokonakva had a strong odor of alcohol on his breath; and his eyes were "bloodshot, red, glassy, [and] watery."  Viewing the evidence in the strongest light for the prosecution, there was substantial evidence to convict Rokonakva of OVUII.  See State v. Pedro, NO. CAAP-19-0000362, 2021 WL 1553861, at *2 (Haw. App. Apr. 20, 2021) (SDO) (upholding substantial evidence of an OVUII conviction where:  the defendant performed poorly on the SFST; the defendant was observed outside an overturned vehicle and admitted being the driver of the vehicle; the arresting officer detected an odor of an "intoxication beverage"; and the defendant's eyes were "red, glassy, [and] slightly watery" (ellipses omitted)); Kalaola, 124 Hawai‘i at 49, 237 P.3d at 1115.

For the foregoing reasons, we vacate the District Court's November 22, 2023 Judgment and remand for a new trial. We affirm the December 12, 2023 Suppression Order.

DATED:  Honolulu, Hawai‘i, August 25, 2025.

On the briefs:

Alen M. K. Kaneshiro,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge